OPINION
Appellant, Glenn D. Moore, appeals a judgment of sentence of the Court of Common Pleas of Allen County on three counts of trafficking in cocaine and one count of having weapons while under disability. For the reasons that follow, we affirm the judgment of the trial court.
On November 12, 1999, an Allen County Grand Jury returned a seven count indictment against Appellant, charging him with one count of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(b), a fourth-degree felony; two counts of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(c), fourth-degree felonies; two counts of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(d), third-degree felonies; one count of possession of cocaine in violation of 2925.11(A), (C)(4)(b), a fourth-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a fifth-degree felony.
On November 16, 1999, Appellant entered a plea of not guilty to all seven charges in the indictment. Thereafter, on February 2, 2000, pursuant to a negotiated plea agreement with the State, Appellant withdrew his not guilty plea and entered pleas of guilty to the two fourth-degree felony counts of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(c), one third-degree felony count of trafficking in cocaine in violation of R.C.2925.03(A), (C)(4)(d), and the fifth-degree felony count of having weapons while under disability. In accordance with the plea agreement, the State agreed to dismiss the three remaining counts in the indictment. The court entered a judgment entry of conviction on February 2, 2000.
On March 6, 2000, the trial court conducted a sentencing hearing in this matter. After considering the factors in R.C.2929.12, 2929.13, and 2929.14, the trial court sentenced Appellant to a term of fifteen months in prison on each fourth-degree felony trafficking conviction, a mandatory term of four years in prison on the third-degree felony trafficking conviction, and a term of ten months in prison on the fifth-degree felony weapons conviction. The court ordered the trafficking sentences to be served consecutively with one another, and ordered the weapons offense to be served concurrently with the others. The court then entered a judgment entry of sentencing on March 7, 2000.
On April 5, 2000, Appellant timely filed a notice of appeal, assigning one error for our review.
 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.11 through R.C. 2929.18.
Appellant argues that the trial court failed to comply with the sentencing guideline factors as set forth in R.C. 2929.11
through R.C. 2929.18. Specifically, Appellant argues that the evidence does not support the judgment of the trial court regarding the consecutive sentences, or the length of the prison terms imposed.
With respect to felony sentencing, R.C. 2953.08(G)(1) provides that a reviewing court may review, reduce, modify, or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds:
(a) That the record does not support the sentence;
 (b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
 * * *
(d) That the sentence is otherwise contrary to law.
See also State v. Gonzalez (June 30, 1999), Allen App. No. 1-98-84, unreported.
The purposes of felony sentencing are set forth in R.C.2929.11, which states in pertinent part:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. * * *
Prior to sentencing an offender, the trial court is obligated to consider the seriousness and recidivism factors set forth in R.C. 2929.12 (B) through (D). R.C. 2929.12(B) states that the court shall consider the following factors to determine whether the "offender's conduct is more serious than conduct normally constituting the offense":
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
R.C. 2929.12(C) states that the court shall also consider the following to determine whether "the offender's conduct is less serious than conduct normally constituting the offense":
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
R.C. 2929.12(D) requires the sentencing court to consider the following to determine whether "the offender is likely to commit future crimes":
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * *.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense * * *.
(5) The offender shows no genuine remorse for the offense.
Finally, R.C. 2929.12(E) sets forth the criteria the sentencing court must consider in determining whether "the offender is not likely to commit future crimes":
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
In determining an appropriate sentence, the court is guided by R.C. 2929.13, which states in pertinent part:
* * *
 (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
* * *
 (F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term * * * for any of the following offenses:
* * *
 (5) A first, second, or third degree felony drug offense for which section 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.11, 2925.13, 2925.22, 2925.23, 2925.36, 2925.37, 3719.99, or 4729.99 of the Revised Code, whichever is applicable regarding the violation, requires the imposition of a mandatory prison term.
R.C. 2929.14(E) addresses consecutive sentencing, which states in relevant part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, the trial court must comply with R.C.2929.19(B)(2)(c), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
Initially, the sentencing transcript and the judgment entry of sentencing reflect that the trial court considered the seriousness and recidivism factors in R.C. 2929.12. In considering the seriousness of the offenses, the trial court found that pursuant to R.C. 2929.12(B)(7) Appellant committed the offense for hire or as part of an organized criminal activity. The trial court based its reasoning on Appellant's statement that he profited from the drug sales, and also that he had to purchase the cocaine from another individual.
Regarding Appellant's likelihood to commit future crimes, the trial court found pursuant to R.C. 2929.12(D) that Appellant has a history of criminal convictions. The record reflects that Appellant has previously been adjudicated a delinquent child. Additionally, as an adult, Appellant has two prior burglary convictions for which he served prison time. The trial court also stated that Appellant has not been rehabilitated to a satisfactory degree or has not responded favorably to sanctions previously imposed for criminal convictions.
Finally, the trial court found that Appellant has demonstrateda pattern of drug or alcohol abuse that is related to the offense,and refuses to acknowledge he has demonstrated the pattern, orrefuses treatment. At the sentencing hearing Appellant admittedto using cocaine and stated that he would not have been involvedin trafficking if he had not been using it. Regarding Appellant'slikelihood not to commit future crimes, the trial court found thatpursuant to R.C. 2929.12(E)(5) he does show a genuine remorse forthe offense.
In determining the appropriate sentence, because Appellant was convicted of a fourth-degree felony, the trial court found that pursuant to R.C. 2929.13(B)(1)(e) Appellant committed the offenses for hire or as part of an organized criminal activity. The trial court also found that pursuant to R.C. 2929.13(B)(1)(g) Appellant has previously served a prison term. Additionally, the trial court stated that a combination of community control sanctions would demean the seriousness of Appellant's conduct and its impact on the victim, a prison sentence is commensurate with the seriousness of Appellant's conduct and its impact on the victim, and a prison sentence does not place an unnecessary burden on the state governmental resources.
In imposing consecutive sentences on the traffickingconvictions, the trial court found that pursuant to R.C.2929.14(E) it is necessary to protect the public and punishAppellant, consecutive terms are not disproportionate to theseriousness of Appellant's conduct, and the harm done was so greator unusual that a single term does not adequately reflect theseriousness of Appellant's conduct. Additionally, the court foundthat the shortest prison term is not required because Appellanthas served a previous prison term, it would demean the seriousnessof Appellant's conduct, and it would not adequately protect thepublic from future crime by Appellant or others.
After reviewing the sentencing transcript and the judgment entry of sentence, we cannot clearly and convincingly find any of the factors in R.C. 2953.08(G)(1), which are necessary to support a modification or vacation of the sentence imposed by the trial court. The record reflects that, in all respects, the trial court properly complied with the statutory requirements for sentencing as set forth in R.C. 2929.12 through 2929.18.
Accordingly, Appellant's assignment of error is not well takenand is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
 _______________________ WALTERS, J.
 HADLEY, P.J., and BRYANT, J., concur.